LAW OFFICES OF MILTON C. GRIMES
Milton C. Grimes, SBN 59437
3774 West 54th Street
Los Angeles, CA 90043-2335
Telephone: (323) 295-3023/ (323) 295-3708 (fax)
miltgrim@aol.com

LAW OFFICES OF VICKI I. SARMIENTO
Vicki I. Sarmiento, SBN 134047
333 N. Garfield Avenue
Alhambra, California 91801
Telephone: (626) 308-1171
vsarmiento@vis-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MONIQUE HERNANDEZ, JOSEPH
HERNANDEZ, OLIVIA HERNANDEZ,
GABRIELLE HERNANDEZ, JOANNA
HERNANDEZ, ALEXIS HERNANDEZ,
JOSEPH HERNANDEZ JR., and O.G., a
minor by and through her Guardian ad
Litem OLIVIA HERNANDEZ,

Plaintiffs

vs.

CITY OF BEAUMONT, OFFICER
ENOCH CLARK, CORPORAL
FRANCISCO VELASQUEZ, JR.,
CHIEF FRANK COE and DOES 1-10,

Defendants

Case No.

ED CV 13 - 00967

**COMPLAINT FOR DAMAGES**

1. Excessive Force (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—
   False Arrest (42 U.S.C. § 1983)
3. Interference with Familial
   Relationship (42 U.S.C. § 1983)
4. Municipal and Supervisorial
   Liability (42 U.S.C. § 1983)
5. Assault and Battery
6. Negligence
7. Violation of Bane Act
8. Intentional Infliction of Emotional
   Distress
9. Negligent Training and Supervision
10. False Arrest/False Imprisonment
11. Negligent Infliction of Emotional
    Distress—Bystander

**DEMAND FOR JURY TRIAL**

LODGED

# COMPLAINT

COMES NOW, Plaintiffs Monique Hernandez, Joseph Hernandez, Olivia Hernandez, Gabrielle Hernandez, Joanna Hernandez, Alexis Hernandez, Joseph Hernandez Jr., and O.G., for their complaint against Defendants City of Beaumont, Officer Enoch Clark, Corporal Francisco Velasquez, Jr., Chief Frank Coe, and DOES 1 to 10, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3.      Plaintiff MONIQUE HERNANDEZ ("MONIQUE") is an individual residing in the County of Riverside, California.

4.      Plaintiff JOSEPH HERNANDEZ ("JOSEPH SR.") is an individual residing in the County of Riverside, California, and is the natural father of MONIQUE.

5.      Plaintiff OLIVIA HERNANDEZ ("OLIVIA") is an individual residing in the County of Riverside, California, and is the natural mother of MONIQUE.

-2-

6. Plaintiff GABRIELLE HERNANDEZ ("GABRIELLE") is an individual residing in the County of Riverside, California, and is the natural sister of MONIQUE.

7. Plaintiff JOANNA HERNANDEZ ("JOANNA") is an individual residing in the County of Riverside, California, and is the natural sister of MONIQUE.

8. Plaintiff ALEXIS HERNANDEZ ("ALEXIS") is an individual residing in the County of Riverside, California, and is the natural sister of MONIQUE.

9. Plaintiff JOSEPH HERNANDEZ JR. ("JOSEPH JR.") is an individual residing in the County of Riverside, California, and is the natural brother of MONIQUE.

10. Plaintiff O.G. is an individual residing in County of Riverside, California, and is the natural born minor daughter of MONIQUE. O.G. sues through her guardian ad litem, OLIVIA HERNANDEZ.

11. At all relevant times, Defendant CITY OF BEAUMONT ("CITY") is and was a municipal corporation existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants OFFICER ENOCH CLARK ("CLARK"), CORPORAL FRANCISCO VELASQUEZ JR. ("VELASQUEZ"), and CHIEF FRANK COE ("COE"). On information and belief, at all relevant times, CLARK, VELASQUEZ, COE and DOES 1 to10, were residents of the County of Riverside, California. CLARK, VELASQUEZ, COE and DOES 1 to10, are sued in their individual capacity.

12. At all relevant times, Defendants CLARK, VELASQUEZ, COE, and DOES 1 to 10, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

COMPLAINT FOR DAMAGES

13.     At all relevant times, Defendants CLARK, VELASQUEZ, COE, and DOES 1 to 10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

14.     The true names and capacities, whether individual, corporate, association or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiff who otherwise sues these defendants by such fictitious names.  Each defendant is sued individually and/or in his/her official capacity as defined in the present complaint.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     All defendants who are natural persons, and each of them, including DOES 1 through 10, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for defendants LASD and COUNTY.

16.     Defendant COE was at all relevant times herein the Chief of the Beaumont Police Department (hereafter "BPD"), and he, along with other officials of CITY and DOES 1 to 4, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the BPD and/or were supervisors of the defendant-officers.

17.     In doing the acts and failing and omitting to act as hereinafter described, Defendants CLARK, VELASQUEZ, COE, and DOES 1 to 10 were acting on the implied and actual permission and consent of CITY.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

-4-

19.   Plaintiffs, except for O.G., filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.  CITY failed or refused to act within 45 days after the claims were presented, and therefore the claims were rejected by operation of law pursuant to Government Code section 912.4(c).  CITY did not give written notice of the rejection in accordance with section 913, and therefore Plaintiffs' state law claims may be brought within two years from accrual, pursuant to section 945.6(a)(2).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.   On February 21, 2012, on Miranda Lane in Beaumont, California, CLARK detained MONIQUE.

22.   Criminal proceedings regarding this incident are pending against CLARK in *People v. Enoch Clark*, Case No. RIF1202237, in the Superior Court of California, County of Riverside.

23.   MONIQUE cooperated with CLARK as he conducted multiple field sobriety tests on her.

24.   MONIQUE also cooperated with CLARK as he attempted several times to conduct a breathalyzer test on her.

25.   CLARK started to arrest MONIQUE by handcuffing her left hand and holding her right hand behind her back while standing behind her and shoving her against the hood of his police car.

26.   MONIQUE never physically resisted CLARK's attempts to handcuff her, and never attempted to pull her right hand in front of her.

-5-

27.   CLARK gave multiple commands to MONIQUE to "stop resisting," and MONIQUE replied, "I'm not resisting," as she was not resisting or fighting him.

28.   MONIQUE never attempted to kick, head-butt, grab, or pull away from CLARK, and she never attempted to flee.

29.   CLARK could not have reasonably believed that MONIQUE was armed with a weapon or was attempting to retrieve a weapon, as he made no attempt to pat her down for weapons until at least five minutes after the use of force.

30.   MONIQUE's family members, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR., were nearby and voiced their concern about CLARK's heavy-handed tactics, but they cooperated with commands to stay back and did nothing that would have been interpreted as aggressive or threatening.

31.   Without any legitimate justification, CLARK shot his JPX pepper spray gun at MONIQUE's eye from less than ten inches away.

32.   At the time CLARK shot MONIQUE, he had complete control of her hands behind her back and her family members, who observed her being injured by CLARK, were calm.

33.   The JPX gun shoots out pepper spray liquid at 405 miles per hour. Reasonably trained officers know that firing a JPX gun at a distance of less than five feet, and especially at a person's eyes, will cause serious bodily injury to a person. CLARK's use of the JPX gun against MONIQUE —as shown by his dashboard videorecording—was contrary to proper training.

34.   The JPX gun split MONIQUE's right eye in half and severely damaged the optic nerve for her left eye, leaving her with no light perception in either eye and a terrible prognosis, even after surgery.

35.   CLARK and VELASQUEZ failed to obtain immediate medical care for MONIQUE despite the obvious and serious nature of the injury to her eye.

-6-

COMPLAINT FOR DAMAGES

36.   VELASQUEZ refused to allow MONIQUE's family members to aid or comfort her, despite her obviously severe injuries.  CLARK and VELASQUEZ falsely represented to MONIQUE's family members that she was okay and was being taken to jail where she could be bailed out within six to eight hours.  In fact, MONIQUE was taken to the hospital.

37.   CLARK and VELASQUEZ subsequently lied about the incident in a desperate attempt to cover up their misconduct.

38.   MONIQUE was previously employed by Wal-Mart as a full-time Merchandise Supervisor and was named Employee of the Year in 2011, but now requires full-time care and receives ongoing medical treatment and psychological treatment.

39.   As a result of the incident and Defendants' conduct, MONIQUE has suffered and will continue to suffer pain and suffering, emotional distress, mental anguish, disability, and disfigurement, and MONIQUE has incurred and will continue to incur medical expenses, loss of earnings, and loss of earning capacity.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
### (By MONIQUE Against CLARK)

40.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.   CLARK's unreasonable use of force, including shooting a JPX pepper spray gun at her face at close range, deprived MONIQUE of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

COMPLAINT FOR DAMAGES

42.     All unreasonable seizures that preceded CLARK's JPX shooting constituted reckless and intentional escalations of the situation which directly led to the JPX shooting, therefore rendering CLARK liable under an excessive escalation theory.

43.     As a result, HERNANDEZ suffered extreme pain and suffering, incurred medical expenses, and suffered a loss of earning capacity.

44.     The conduct of CLARK was willful, wanton, malicious, and done with reckless disregard for MONIQUE's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

45.     Plaintiff also claims attorney's fees and costs under 42 U.S.C. §1988 under this claim for relief.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—False Arrest (42 U.S.C. § 1983)
### (By MONIQUE Against CLARK and VELASQUEZ)

46.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     Defendants CLARK and VELASQUEZ caused MONIQUE to be detained and arrested in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result of the conduct of CLARK and VELASQUEZ, they are liable for MONIQUE's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

-8-

49.    The conduct of CLARK and VELASQUEZ was willful, wanton, malicious, and done with reckless disregard for MONIQUE's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

50.    Plaintiff claims attorney's fees and costs under 42 U.S.C. §1988 under this claim for relief.

### THIRD CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**
**(By O.G. Against CLARK)**

51.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.    Plaintiff O.G. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her familial relationship with her mother, MONIQUE.

53.    As a result of the excessive force and unjustified JPX shooting by CLARK, MONIQUE suffered severe physical injuries including permanent blindness, thereby resulting in permanent mental and emotional distress.

54.    Defendant CLARK, acting under color of state law, thus violated the Fourteenth Amendment rights of O.G. to be free from unwarranted interference with her familial relationship with her mother, MONIQUE.

55.    The aforementioned actions of CLARK, along with other undiscovered conduct, shocks the conscience, in that he acted with deliberate indifference to the constitutional rights and safety of Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

COMPLAINT FOR DAMAGES

56.     As a direct and proximate cause of the acts of CLARK, O.G. suffered extreme and severe emotional distress, mental anguish, and pain.  O.G. has also been deprived of MONIQUE's financial support, gifts or benefits, household services, love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance, and will continue to be so deprived for the remainder of MONIQUE's natural life.  The permanent nature of MONIQUE's disabilities, including her mental disability, constitutes total deprivation of the familial relationship between MONIQUE and the minor O.G.

57.     The conduct of CLARK was willful, wanton, malicious, and done with reckless disregard for MONIQUE's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

58.     Plaintiff claims attorney's fees and costs under 42 U.S.C. §1988 under this claim for relief.

## FOURTH CLAIM FOR RELIEF

### Municipal and Supervisory Liability (42 U.S.C. § 1983)
### (By MONIQUE and O.G. Against CITY, COE and DOES 1-10,)

59.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.     On and for some time prior to February 21, 2012 (and continuing to the present date) Defendants CITY, COE and DOES 1 to 10, deprived MONIQUE and O.G. of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of MONIQUE and O.G., and of persons in

-10-

their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a)    employing and retaining as police officers and other personnel, including CLARK and VELASQUEZ, who Defendants CITY, COE and DOES 1 to 10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

    (b)    inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including CLARK and VELASQUEZ, who Defendants CITY, COE and DOES 1 to 10 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c)    maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants CLARK and VELASQUEZ, who are CITY police officers;

    (d)    failing to adequately train officers, including Defendants CLARK and VELASQUEZ, and failing to institute appropriate policies, regarding constitutional procedures and practices for the purchase, assignment, and use of JPX pepper spray guns; and

    (e)    having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force and force that shocks the conscience, including the use of JPX pepper

-11-

spray guns, which also is demonstrated by inadequate training regarding these subjects.

61.   Defendants CITY, COE, and DOES 1 to 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MONIQUE and O.G. and other individuals similarly situated.

62.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, COE, and DOES 1 to 10 acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of MONIQUE and O.G.  Defendants COE and DOES 1 to 10 and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

63.   By reason of the aforementioned policies and practices of Defendants COE and CITY, MONIQUE and O.G. suffered serious injuries and other harm.

64.   The policies, practices, and customs implemented and maintained and still tolerated by CITY, COE and DOES 1 to 10 were affirmatively linked to and were a significantly influential force behind the injuries of MONIQUE and O.G.

65.   Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

-12-

# FIFTH CLAIM FOR RELIEF

## Assault and Battery
## (By MONIQUE Against CITY and CLARK)

66.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67.   CLARK, while working as a Police Officer for the CITY Police Department, and acting within the course and scope of his duties, intentionally used force on MONIQUE, including but not limited to shoving her against the hood of his car and shooting her with a JPX pepper spray gun at close range.  CLARK had no legal justification for using force against MONIQUE, and his use of force while carrying out his police duties was unreasonable.

68.   MONIQUE suffered harm as a direct and proximate result of CLARK's conduct as alleged above.

69.   CITY is vicariously liable for the wrongful acts of CLARK pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70.   The conduct of CLARK was malicious, wanton, oppressive, and accomplished with a conscious disregard for MONIQUE's rights, entitling MONIQUE to an award of exemplary and punitive damages.

71.   Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

COMPLAINT FOR DAMAGES

# SIXTH CLAIM FOR RELIEF

## Negligence

**(By MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. Against CITY, CLARK, VELASQUEZ, and DOES 1 to 10)**

72.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.     The actions and inactions of CITY employees, including CLARK, VELASQUEZ, and DOES 1 to 10, were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force against MONIQUE;

(b)     the failure to monitor and record any use of force by CITY Police Officers, including CLARK;

(c)     the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including CLARK;

(d)     the negligent tactics and handling of the incident;

(e)     the negligent training in the use of the JPX pepper spray guns;

(f)     the negligent detention, arrest, and use of force against MONIQUE;

(g)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect MONIQUE's rights;

(h)     the failure to timely summon medical care for MONIQUE despite the obvious and serious injury to her eye;

(i)     the negligent handling of evidence and witnesses; and

(j)     the negligent communication of information during the incident.

-14-

74.    MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. suffered harm as a direct and proximate result of CITY employees' conduct as alleged above.

75.    CITY is vicariously liable for the wrongful acts of its employees, including CLARK and VELASQUEZ, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76.    The conduct of CITY employees, including CLARK, VELASQUEZ, and DOES 1 to 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR., entitling them to an award of exemplary and punitive damages.

77.    Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

## SEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civ. Code § 52.1)

**(By MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. Against CLARK, VELASQUEZ, and CITY)**

78.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79.    CLARK and VELASQUEZ attempted to interfere with and interfered with the rights of MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. of free speech, free expression, free assembly, due

COMPLAINT FOR DAMAGES

1   process, and to be free from unreasonable search and seizure, by threatening and
2   committing violent acts;

3       80.     MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA,
4   ALEXIS, and JOSEPH JR. reasonably believed that if they exercised their rights of
5   free speech, free expression, free assembly, due process, and to be free from
6   unreasonable search and seizure, CLARK and VELASQUEZ would commit
7   violence against them.

8       81.     CLARK and VELASQUEZ injured MONIQUE, JOSEPH SR.,
9   OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. to prevent them
10  from exercising their rights of free speech, free expression, free assembly, due
11  process, and to be free from unreasonable search and seizure, and retaliate against
12  them for having exercised their rights of free speech, free expression, free assembly,
13  due process, and to be free from unreasonable search and seizure.

14      82.     The conduct of CLARK and VELASQUEZ was a substantial factor
15  in causing harm to MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA,
16  ALEXIS, and JOSEPH JR.

17      83.     CITY is vicariously liable for the wrongful acts of CLARK and
18  VELASQUEZ pursuant to section 815.2 of the California Government Code, which
19  provides that a public entity is liable for the injuries caused by its employees within
20  the scope of the employment if the employee's act would subject him or her to
21  liability.

22      84.     The conduct of CLARK and VELASQUEZ was malicious, wanton,
23  oppressive, and accomplished with a conscious disregard for the rights of
24  MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and
25  JOSEPH JR., entitling them to an award of exemplary and punitive damages.

26      85.     Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988
27  under this claim for relief.

28

COMPLAINT FOR DAMAGES

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress
### (By MONIQUE Against CITY and CLARK)

86.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.     CLARK's conduct was outrageous.

88.     CLARK acted with reckless disregard of the probability that MONIQUE would suffer emotional distress, knowing that MONIQUE was present when the conduct occurred, and also intended to cause MONIQUE emotional distress.

89.     CLARK's conduct was a substantial factor in causing MONIQUE severe emotional distress.

90.     CITY is vicariously liable for CLARK's wrongful acts pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

91.     The conduct of CITY employees, including CLARK, was malicious, wanton, oppressive, and accomplished with a conscious disregard for MONIQUE's rights, entitling MONIQUE to an award of exemplary and punitive damages.

92.     Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

///

COMPLAINT FOR DAMAGES

## NINTH CLAIM FOR RELIEF

### Negligent Training and Supervision

### (By MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. Against CITY, COE, and DOES 1 to 10)

93.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     CITY's employees, including CLARK and VELASQUEZ, were unfit and incompetent to perform the work for which they were hired.

95.     CITY, COE, and DOES 1 to 10 knew or should have known that CITY's employees, including CLARK and VELASQUEZ, were unfit and incompetent and that this unfitness or incompetence created a particular risk to others.

96.     The unfitness and incompetence of CITY's employees, including CLARK ,VELASQUEZ, and DOES 1 to 10 harmed MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR.

97.     The negligence of CITY, COE, and DOES 1 to 10 in hiring, training, supervising, and retaining, CITY's employees, including CLARK and VELASQUEZ, was a substantial factor in causing the harm of MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR.

98.     CITY is vicariously liable for the wrongful acts of its employees, including COE, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.     The conduct of CITY employees, including COE and DOES 1 to 10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for

COMPLAINT FOR DAMAGES

the rights of MONIQUE, JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR., entitling them to an award of exemplary and punitive damages.

100. Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

### TENTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**
**(By MONIQUE Against CITY, CLARK, and VELASQUEZ)**

101. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102. CLARK and VELASQUEZ, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived MONIQUE of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS detained and arrested MONIQUE without reasonable suspicion or probable cause.

103. MONIQUE did not knowingly or voluntarily consent.

104. The conduct of CLARK and VELASQUEZ was a substantial factor in causing MONIQUE's harm.

105. CITY is vicariously liable for the wrongful acts of CLARK and VELASQUEZ, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

COMPLAINT FOR DAMAGES

106.   The conduct of CLARK and VELASQUEZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for MONIQUE's rights, entitling MONIQUE to an award of exemplary and punitive damages.

107.   Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988 under this claim for relief.

### ELEVENTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress—Bystander**

**(By JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. Against CITY and CLARK)**

108.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. had a close relationship with MONIQUE.  JOSEPH SR. and OLIVIA are MONIQUE's parents.  GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. are MONIQUE's siblings.

110.   CLARK negligently, recklessly, and intentionally caused injury to MONIQUE.

111.   JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. were present at the scene of the injury when it occurred and were aware that MONIQUE was being injured.

112.   CLARK's conduct was a substantial factor in causing JOSEPH SR., OLIVIA, GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR. to suffer serious emotional distress.

113.   CITY is vicariously liable for the wrongful acts of CLARK, pursuant to section 815.2 of the California Government Code, which provides that a public

COMPLAINT FOR DAMAGES

1   entity is liable for the injuries caused by its employees within the scope of the

2   employment if the employee's act would subject him or her to liability.

3        114.   The conduct of CLARK was malicious, wanton, oppressive, and

4   accomplished with a conscious disregard for the rights of JOSEPH SR., OLIVIA,

5   GABRIELLE, JOANNA, ALEXIS, and JOSEPH JR., entitling them to an award of

6   exemplary and punitive damages.

7        115.   Plaintiff also claims attorney fees and costs under 42 U.S.C. §1988

8   under this claim for relief.

9

10   ///

11   ///

12   ///

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests entry of judgment in their favor and against Defendants as follows:

        A.    For compensatory damages in an amount to be proven at trial;

        B.    For treble damages pursuant to the Bane Act;

        C.    For punitive damages in an amount to be proven at trial (against the individual defendants only);

        D.    For interest;

        E.    For an award of reasonable attorneys' fees, including litigation expenses;

        F.    For costs of suit; and

        G.    For any other equitable or legal relief that the Court deems just, proper, and appropriate.

DATED:  May 22, 2013        LAW OFFICES OF MILTON C. GRIMES

By    _Milton C. Grimes_

    Milton C. Grimes
    Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury.

3

4    DATED:  May 22, 2013                    LAW OFFICES OF MILTON C. GRIMES

5

6                                      By _____

7                                          MILTON C. GRIMES
                                           Attorney for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
| Monique Hernandez, Joseph Hernandez, Olivia Hernandez, Gabrielle Hernandez, Joanna Hernandez, Alexis Hernandez, Joseph Hernandez, Jr., and O.G., a minor by and through her Guardian Ad Litem, Olivia Hernandez | City of Beaumont, Officer Enoch Clark, Corporal Francisco Velasquez, Jr., Chief Frank Coe and DOES 1-10 |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Milton C. Grimes, Esq.<br>Law Offices of Milton C. Grimes<br>3774 West 54th Street<br>Los Angeles, California, 90043-2335; (323) 295-3023 | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Excessive Force,Unreasonable Search and Seizure-False Arrest,Interference with Familial Relationship,Municipal and Supervisorial Liability,Assault and Battery,Negligence, Violation of Bane Act, Intentional Infliction of Emotional Distress,Negligent Training and Supervision,False Arrest/False Imprisonment,Negligent Infliction of Emotional

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **ED CV 13 - 00967**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Monique Hernandez, Joseph Hernandez, Olivia Hernandez, Gabrielle Hernandez, Joanna Hernandez, Alexis Hernandez, Joseph Hernandez, Jr., and O.G., a minor by and through her Guardian ad Litem Olivia Hernandez | Riverside County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| City of Beaumont, Officer Enoch Clark, Corporal Francisco Velasquez, Jr., Chief Frank Coe | Riverside County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Excessive Force, Unreasonable Search and Seizure-False Arrest, Interference with Familial Relationship, Municipal Supervisorial Liability, Assault and Battery, Negligence, Violation of Bane Act, Intentional Infliction of Emotional Distress, ⊞ | Riverside County |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Walton C. Dumas_   DATE: May 22, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |