O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE HERNANDEZ, JOSEPH HERNANDEZ, OLIVIA HERNANDEZ, GABRIELLE HERNANDEZ, JOANNA HERNANDEZ, ALEXIS HERNANDEZ, JOSEPH HERNANDEZ JR. AND O.G., a minor by and through her Guardian ad Litem OLIVIA HERNANDEZ,<br><br>         Plaintiffs,<br><br>     v.<br><br>CITY OF BEAUMONT, OFFICER ENOCH CLARK, CORPORAL FRANCISCO VELASQUEZ, JR., CHIEF FRANK COE,<br><br>         Defendants.<br>_____ | Case No. EDCV 13-00967 DDP (DTBx)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>(DKT. NO. 19, 20, 21) |

   Presently before the Court are Defendants' Motions to Dismiss and/or Strike Portions of Plaintiffs' First Amended Complaint. For the reasons stated in this order, the Motions are GRANTED IN PART.

**I. Background**

   Plaintiff Monique Hernandez ("Monique") brings this action, along with many of her family members, against Defendants City of Beaumont ("City"), Officer Enoch Clark ("Clark"), Corporal

Francisco Velasquez Jr. ("Velasquez"), Chief Frank Coe ("Coe"), and Does 1-10 (collectively "Defendants"), alleging various rights violations while Monique was detained by Clark and Velasquez. Plaintiffs Joseph Hernandez Sr. (Monique's father, "Joseph Sr."), Olivia Hernandez (Monique's mother, "Olivia"), Gabrielle Hernandez (Monique's sister, "Gabrielle"), Joanna Hernandez (Monique's sister, "Joanna"), Alexis Hernandez (Monique's sister, "Alexis"), and Joseph Hernandez Jr. (Monique's brother, "Joseph Jr.") witnessed the acts that are the subject of this complaint and assert their own causes of actions stemming from the incident. O.G. (Monique's minor daughter) is also a plaintiff in this action.

On February 21, 2012, Clark, a police officer with the City, detained Monique. (Complaint ¶ 21.) Clark conducted multiple field sobriety tests and attempted several times to conduct a breathalyzer test on Monique. (Id. ¶¶ 23-24.) Plaintiffs allege that Monique cooperated with Clark throughout these tests. (Id.) Clark then began to arrest Monique by handcuffing her left hand and holding her right hand behind her back while standing behind her and shoving her against the hood of his police car. (Id. ¶ 25.) Plaintiffs allege that at no time did Monique physically resist Clark's efforts to handcuff her or attempt to flee. (Id. ¶¶ 26-28.) Monique's family members Joseph Sr., Olivia, Gabrielle, Joanna, Alexis, and Joseph Jr. were nearby when these actions occurred and voiced their concerns about Clark's "heavy-handed tactics," but they allege that they fully cooperated with commands to stay back. (Id. ¶ 30.)

After Monique was handcuffed, Plaintiffs allege that Clark shot his JPX pepper spray gun at Monique's eye from less than ten inches away. (Id. ¶ 31.) Plaintiffs allege that there was no legitimate justification

for the discharge of pepper spray, as Monique was handcuffed and under complete control at the time and her family members were calm. (Id. ¶¶ 31-32.) Plaintiffs allege that a reasonably trained officer would know that firing a JPX gun at a distance of less than five feet away, especially at the eyes, will cause serious injury. (Id. ¶ 33.)

Plaintiffs allege that Clark and Velasquez then placed Monique in the back seat of a patrol car in handcuffs. (Id. ¶ 35.) She was left there for an unspecified period of time unattended, despite allegedly being in obvious distress, bleeding, and complaining of breathing difficulties. (Id.) Velasquez refused to allow Monique's family members to aid her. (Id. ¶ 36.) Clark and Velasquez allegedly told Monique's family members that she was okay and that she was being taken to jail. (Id.) In fact, she was taken to the hospital. (Id.)

Monique's injuries from the pepper spray gun were severe. (Id. ¶ 34.) The shot split her right eye in half and severely damaged the optic nerve in her left eye, leaving her with no light perception in either eye and a terrible prognosis, even after surgery. (Id.) Monique had previously been employed full-time but now can no longer work and requires full-time care and ongoing medical and psychological treatment. (Id. ¶ 38.)

Plaintiffs allege twelve causes of action arising out of this incident: (1) excessive force under 42 U.S.C. § 1983; (2) unreasonable search and seizure - false arrest under 42 U.S.C. § 1983; (3) failure to summon immediate medical care; (4) interference with familial relationship under 42 U.S.C. § 1983; (5) municipal and supervisory liability under 42 U.S.C. § 1983; (6) assault and battery; (7) negligence; (8) violation of Bane Act; (9) intentional infliction of emotional distress; (10) negligent training and supervision; (11) false

arrest/false imprisonment; and (12) negligence - bystander. Defendants have moved to dismiss portions of Plaintiffs' complaint and to strike Plaintiffs' requests for punitive damages as to some causes of action. (Docket Nos. 19, 20, 21.)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining

4

whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Defendants seek dismissal only as to some causes of action and as to some Defendants. Therefore, the First, Sixth, and Ninth Causes of Action, which are not challenged by any Defendant, remain operative as filed.

    A. <u>Second Cause of Action: False Arrest</u>

The second cause of action, for false arrest, is asserted by Monique against Defendants Clark and Velasquez. (Complaint p. 10.) The sufficiency of the pleadings is challenged only as to Velasquez.

Velasquez argues that Plaintiffs' allegations fail to plead that he was sufficiently involved in the alleged acts to be liable for them. In order to state a claim for unreasonable seizure against an officer who did not himself effect the seizure, a plaintiff must allege the officer's "fundamental involvement in the conduct that allegedly caused the violation." <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 481 fn.12 (9th Cir. 2007). The officer must be an "integral participant" in the alleged violative acts, but "integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation." <u>Boyd v. Benton County</u>, 374 F.3d 773, 780 (9th Cir. 2004).

Plaintiffs allege that "Clark and Velasquez caused Monique to be detained and arrested in violation of her right to be secure in her person against unreasonable searches and seizures." FAC ¶ 47. Plaintiffs also allege that "Clark and Velasquez failed to obtain immediate medical care for Monique" and that instead she "was placed in the back seat of a patrol car in handcuffs." <u>Id.</u> ¶ 35. Plaintiffs also allege that Velasquez

5

refused to allow family members to aid or comfort Monique after she had been pepper sprayed. Id. ¶ 36.

While Plaintiffs could have pled their false arrest claim more clearly against Velasquez by alleging his involvement in the earlier stages of the incident, the Court finds that the pleadings are sufficient as written. It is reasonable to infer from the FAC that Velasquez was involved in the decision to place Monique in the back of the patrol car or at a minimum did not object to Clark's decision to do so, an act which Plaintiffs allege violated Monique's right to be free from unreasonable seizure. Further, he provided support to Clark by keeping Monique's family away from her, facilitating her continued detention. See, e.g., Monteilh v. Cnty. of L.A., 820 F.Supp.2d 1081, 1089 (C.D. Cal. 2011) (holding that officers are fundamentally involved when they "provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object"); Aquilar v. City of South Gate, 2013 WL 4046047 (C.D. Cal. 2013). Velasquez's involvement in Monique's detention therefore rises to the level of "fundamental involvement" necessary to state a claim against him for false arrest. As a result, the Court DENIES Defendants' motion to dismiss this claim against Velasquez.[1]

//
//

---

[1] The Court notes that the pleadings likely do not indicate that Velasquez had the requisite involvement in the alleged acts to survive a 12(b)(6) motion on Plaintiffs' excessive force claim, as Plaintiffs do not allege any sort of involvement or knowledge on the part of Velasquez regarding the discharge of the pepper spray at close range into Monique's eyes. Such a claim is distinct from Plaintiffs' claim for false arrest. Plaintiffs do not attempt to bring such a claim against Velasquez.

6

B. <u>Third Cause of Action: Failure to Summon Immediate Medical Care</u>

The third cause of action, for failure to summon immediate medical care in violation of the Fourth Amendment, is asserted by Monique against Clark and Velasquez. The sufficiency of the pleadings is challenged only as to Velasquez.

The Ninth Circuit treats "the failure to provide adequate medical care during and immediately following an arrest as a claim properly brought under the Fourth Amendment and subject to the Fourth Amendment's objective reasonableness standard." <u>Von Haar v. City of Mountain View</u>, 2011 WL 782242, at *3 (N.D. Cal. 2011) (citing <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090(9th Cir. 2006)). In this context, "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment." <u>Tatum</u>, 441 F.3d at 1099; <u>see also</u> <u>Maddox v. City of Los Angeles</u>, 792 F.2d 1408, 1415 (9th Cir. 1986) (holding, in the context of prison detention, that officers act reasonably when they "seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital").

Plaintiffs allege here that "Clark and Velasquez failed to obtain immediate medical care for Monique despite the obvious and serious nature of the injury to her eye. Instead of obtaining immediate medical aid or assistance for Monique, she was placed in the back seat of a patrol car in handcuffs. Monique was left in the patrol car unattended while she was bleeding and in obvious distress, and despite her complaints of difficulty with breathing." FAC ¶ 35. Subsequently, Monique was taken to the hospital. <u>Id.</u> ¶ 36.

7

Plaintiffs' allegations are insufficient to establish that Velasquez acted unreasonably in obtaining medical care for Monique. While the FAC repeatedly alleges that Clark and Velasquez did not obtain "immediate" medical care, "immediate" care is not the standard; "prompt" care is the standard. Plaintiffs allege that Monique was left "unattended" in the patrol car, but there is no indication of how long she was left there or what the officers were doing while she was left there. Further, it is unclear from the pleadings how severely Monique appeared to be injured. Plaintiffs allege that she was "bleeding" and "in obvious distress," but "bleeding" does not always require medical care and is not life-threatening unless it is severe. While Monique's injuries were ultimately determined to be severe, causing blindness, it is not clear based on the pleaded facts that it would have been obvious to the officers that she needed to be taken to the hospital more quickly than she was. See Holcomb v. Ramar, 2013 WL 5947621, at *4 (E.D. Cal. 2013) (dismissing a claim for failure to summon medical care when the pleadings did not specify or allow the court to infer "the length of the delay or the seriousness of the need for medical attention"). Under the circumstances, it may very well have been reasonable for the officers to leave Monique "unattended" while the two officers briefly discussed, out of earshot of Plaintiffs, whether is was necessary to seek medical care before deciding to take Monique to the hospital.

Therefore, the Court GRANTS the motion to dismiss as to this cause of action against Velasquez, with leave to amend to allege specific facts demonstrating the length of the delay in taking Monique to the hospital, the observable medical symptoms Monique exhibited and their severity, and the actions of the officers during the delay.

//

### C. Fourth Cause of Action: Interference with Familial Relationship

The fourth cause of action, for interference with familial relationship, is asserted by O.G., Monique's minor daughter, against Clark. Clark originally challenged the sufficiency of this cause of action, but has indicated in his Reply brief that he withdraws the portion of his motion challenging this cause of action. (Reply Brief, Docket No. 26, p. 1.) Therefore, this cause of action remains operative as filed.

### D. Fifth Cause of Action: Municipal and Supervisory Liability

The fifth cause of action, for municipal and supervisory liability, is asserted by Monique and O.G. against City, Coe, and Does 1-10.

1. *Municipal Liability*

To state a claim for municipal liability against an entity defendant, a plaintiff must allege that the entity itself caused the violation through a constitutionally deficient policy, practice or custom. Monell v. Dep't of Social Services, 436 U.S. 658 (1978). In light of Iqbal, bare allegations are no longer sufficient to state a claim for municipal liability. Instead, a plaintiff must identify the training or hiring practices and policies that she alleges are deficient, explain how such policy or practice was deficient, and explain how such a deficiency caused harm to the plaintiff. Young v. City of Visalia, 687 F.Supp.2d 1141, 1149-50 (E.D. Cal. 2009). In other words, a plaintiff must allege "specific facts giving rise to a plausible Monell claim" instead of "formulaic recitations of the existence of unlawful policies, customs, or habits." Warner v. County of San Diego, 2011 WL 662993 (S.D. Cal. 2011).

Plaintiffs' complaint does not meet the heightened pleading standards for municipal liability after Iqbal. Nowhere does Plaintiffs'

9

complaint contain specific allegations regarding the customs, policies, and practices that they allege are insufficient. Instead, Plaintiffs plead simply that City, Coe, and Does 1-10 "act[ed] with gross negligence and with reckless and deliberate indifference" in (1) employing and retaining Clark and Velasquez, who they knew or should have known had dangerous propensities; (2) inadequately training, supervising, and disciplining Clark and Velasquez; (3) maintaining inadequate procedures for reporting misconduct; (4) failing to adequately train officers in their use of the JPX pepper spray gun; and (5) maintaining an unconstitutional policy or practice of arresting and detaining individuals without probable cause and through use of excessive force. (FAC ¶ 68.) Plaintiffs plead no facts regarding what policies and practices City used in training, hiring, disciplining, and supervising their officers in the use of the JPX pepper spray gun, let alone why those policies and practices were deficient. Plaintiffs also fail to plead any facts as to why Clark and Velasquez had "dangerous propensities" or why Coe and City should have known about them. Therefore, the Court GRANTS the motion to dismiss this cause of action against City, with leave to amend should Plaintiffs be able to allege specific facts giving rise to an inference of <u>Monell</u> liability.

2. *Supervisory Liability*

A supervisor may be individually liable if he is personally involved in a constitutional injury or where there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). A causal connection exists if the supervisor "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others,

10

which he knew or reasonably should have known, would cause others to inflict the constitutional injury." <u>Larez v. City of Los Angeles</u>, 946 F.2d 630 (9th Cir. 1991). Liability is imposed for the supervisor's "own culpable action or inaction in the training, supervision, or control of his subordinates," <u>Clay v. Conlee</u>, 815 F.2d 1164, 1170 (8th Cir. 1987), or for conduct that showed a "reckless or callous indifference to the rights of others." <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1163 (1st Cir. 1989).

Plaintiffs' supervisory liability claim is insufficient for the same reasons that their <u>Monell</u> claim is insufficient. Plaintiffs plead no facts as to what Coe did or failed to do that caused a constitutional injury to Plaintiffs beyond the bare allegations set forth above or as to why he knew or should have known that his acts or failure to act would result in a constitutional violation. Therefore, the Court GRANTS the motion to dismiss as to this cause of action, with leave to amend should Plaintiffs be able to allege specific facts giving rise to an inference of supervisory liability.[2]

E. <u>Seventh Cause of Action: Negligence and Twelfth Cause of Action: Negligence - Bystander</u>

The seventh cause of action, for negligence, is asserted by Monique, Joseph Sr., Olivia, Gabrielle, Joanna, Alexis, and Joseph Jr. against City, Clark, Velasquez, and Does 1-10. The twelfth cause of action, for negligence - bystander, is asserted by Joseph Sr., Olivia,

---

[2] The Court does not decide at this time whether Coe is entitled to qualified immunity, as the pleadings are insufficient to determine which acts or failures to act give rise to Coe's alleged liability. Without such clarity, the Court cannot determine whether Coe is entitled to qualified immunity as to those acts. The Court will entertain qualified immunity arguments on a future motion to dismiss, should Plaintiffs choose to amend their supervisory liability claim.

11

Gabrielle, Joanna, Alexis, and Joseph Jr. against City and Clark. The sufficiency of the pleadings is challenged only as to City and Velasquez.

Plaintiffs clarify in their opposition that this cause of action as alleged against City is premised on vicarious liability for the negligent acts of City employees pursuant to Cal. Gov. Code § 815.2. Therefore, Plaintiffs' allegations which assert direct claims, such as "failure to monitor and record use of force" and "negligent training in the use of the JPX device" are better understood as supporting claims for Monell liability rather than Plaintiffs' vicarious claim for negligence. (FAC ¶ 80.) The Court therefore ignores these allegations for purposes of assessing the sufficiency of the pleadings as to the negligence claim.

"Government Code section 815.2 . . . makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment" unless the "employee . . . is immune from liability for such injuries." Eastburn v. Regional Fire Protection Authority, 31 Cal. 4th 1175, 1180 (2003). Therefore, City is liable for the negligent acts of Clark and Velasquez, and the claims against City survive this motion to dismiss to the extent that claims against Clark and Velasquez survive.

As to Monique's negligence claim against Velasquez, Plaintiffs allege that his negligent acts were (1) negligent detention and arrest, (2) the failure to timely summon medical care, and (3) the negligent communication of information during the incident. (FAC ¶ 80.) As noted above, Plaintiffs' allegations were sufficient as to Velasquez's participation in the unreasonable seizure of Plaintiff. Therefore, a negligence claim survives against Velasquez, at least to the extent that it is based on the unreasonable seizure. Therefore, the Court DENIES the motion to dismiss as to the negligence claim. However, should Plaintiffs

12

choose to amend their complaint, further clarification of exactly which acts Plaintiffs allege were negligent would be useful.

The bystander plaintiffs also assert a cause of action for negligence, or negligent infliction of emotional distress ("NIED"), based on their witnessing Monique's injury-producing event. An NIED claim requires that the plaintiff (1) is closely related to the injury victim, (2) is present at the scene of the event at the time it occurs and is then aware that it is causing injury, and (3) suffers serious emotional distress as a result. Thing v. La Chusa, 48 Cal. 3d 644, 667-68 (1989).

The Court finds that the NIED claim is insufficiently pled. The bystander plaintiffs are all close family of Monique and "observed her being injured" by the pepper spray gun, satisfying the first two elements. (FAC ¶¶ 4-9, 32.) However, Plaintiffs allege that they suffered "serious emotional distress" as a result of witnessing the incident, but offer no facts demonstrating the distress they suffered. (Id. ¶ 115.) Indeed, Plaintiffs allege that the bystander plaintiffs remained "calm" during the encounter, including while Monique was being injured. (Id. ¶ 32.) Therefore, the Court GRANTS the motion to dismiss the NIED claim, with leave to amend for Plaintiffs to assert more specific facts that support their bare allegation that the bystanders suffered serious emotional distress.

    F. <u>Eighth Cause of Action: Violation of Bane Act</u>

The eighth cause of action, for violation of the Bane Act, Cal. Civ. Code § 52.1, is asserted by Monique, Joseph Sr., Olivia, Gabrielle, Joanna, Alexis, and Joseph Jr. against City, Clark, and Velasquez.

The Bane Act permits a claim against a defendant who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any

individual or individuals of [legal] rights." Cal. Civ. Code § 52.1. In order to state a claim under the Bane Act, where "the use of force was intrinsic to the alleged violation itself, it [does] not also satisfy the additional 'force' or 'coercion' element of the statute." Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 960 (2012) (citing Gant v. County of Los Angeles, 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011)).

Plaintiffs's pleadings regarding the "threats, intimidation, or coercion" used to violate their rights are insufficient. The pleadings are conclusory, simply stating that "Clark and Velasquez attempted to interfere with and interfered with the rights of [Plaintiffs] of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts." (FAC ¶ 85.) As to Monique, Plaintiffs have not sufficiently pled facts demonstrating force or coercion beyond that intrinsic in her excessive force and unreasonable seizure claims themselves. As to the other Plaintiffs' claims, Plaintiffs have not sufficiently pled facts demonstrating that they were subjected to any threats or intimidation during the course of the encounter.[3] While Plaintiffs allege that "Velasquez refused to allow Monique's family to aid or comfort her" and that they were given "commands to stay back," those allegations do not give rise to an inference that the officers used force or intimidation to interfere with Plaintiffs' rights to free speech and free expression. (Id. ¶¶ 30, 36.)

Plaintiffs indicate in their opposition to the motion to dismiss that they can allege further facts in support of this claim, such as

---

[3] Plaintiffs essentially concede as much in their opposition brief by offering to provide additional facts in support of this claim. (Opp., Docket No. 23, p. 21.)

14

"Velasquez' use of his baton in an intimidating fashion intended to interrupt their protests over the abuse levied against Monique." (Opp., Docket No. 23, p. 21.) This indicates that allowing Plaintiffs to amend their complaint may cure the deficiencies that the Court has found in the FAC. Therefore, the Court GRANTS the motion to dismiss this cause of action as to all Plaintiffs against all Defendants, with leave to amend.

G. <u>Tenth Cause of Action: Negligent Training and Supervision</u>

The tenth cause of action, for negligent training and supervision, is asserted by Monique, Joseph Sr., Olivia, Gabrielle, Joanna, Alexis, and Joseph Jr. against Coe and Does 1-10.

Plaintiffs' pleadings are insufficient for this cause of action for the reasons discussed under Plaintiffs' claim for supervisory liability, as this claim is simply a particular form of supervisory liability. Plaintiffs' allegations supporting this claim baldly state that "Clark and Velasquez were unfit and incompetent to perform the work for which they were hired" and that "Coe . . . knew or should have known" of their incompetence. (FAC ¶¶ 99-100.) However, Plaintiff pleads no facts regarding why Clark and Velasquez were unfit or incompetent, other than the facts underlying the single incident at issue in this case, or why Coe should have known that they were incompetent prior to the incident. Therefore, the Court GRANTS the motion to dismiss, with leave to amend.

H. <u>Eleventh Cause of Action: False Arrest/False Imprisonment</u>

The eleventh cause of action, for false arrest/false imprisonment, is asserted by Monique against City, Clark, and Velasquez. The sufficiency of the pleadings is challenged only as to Velasquez.

For the same reasons that the second cause of action is sufficiently pled against Velasquez, this cause of action is sufficiently

pled. Therefore, the Court DENIES the motion to dismiss this cause of action.

I. <u>Motions to Strike</u>

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may strike a prayer for punitive damages if punitive damages are not recoverable as a matter of law. <u>See, e.g.</u>, <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) ("[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1528 (9th Cir. 1993).

Defendants move to strike Plaintiffs' request for punitive damages as to their second, third, fifth, seventh, eighth, tenth, and twelfth causes of action. Plaintiffs properly plead that the conduct at issue was "willful, wanton, malicious, and done with reckless disregard" for Plaintiffs' rights. (FAC ¶ 49; see also ¶¶ 44, 57, 65, 78, 90, 97, 110.) Further, Plaintiffs allege substantial underlying facts that make plausible their allegation that the acts were committed willfully and with malice. Therefore, the Court DENIES the motions to strike.[4]

---

[4] The Court notes, with respect to Plaintiffs' causes of action for negligence, that "mere negligence, even gross negligence, is not sufficient to justify an award of punitive damages." <u>Ebaugh v. Rabkin</u>, 22 Cal. App. 3d 891, 894 (1972). In order to ultimately recover punitive damages, Plaintiffs will have to prove that Defendants acted with more than negligence, but instead acted willfully or recklessly.

16

Defendants also move to strike any request for punitive damages as to Plaintiffs' Monell claims, which are not available as a matter of law. However, Plaintiffs do not actually seek punitive damages as to this cause of action; therefore, the motion to strike Plaintiffs' request for punitive damages as to this cause of action is moot.

**IV. Conclusion**

For the reasons stated, the motions are GRANTED IN PART and DENIED IN PART. Plaintiffs may amend their complaint as stated in this order. Any such amended complaint must be filed on or before Friday, January 3, 2014.

IT IS SO ORDERED.

Dated: December 16, 2013

DEAN D. PREGERSON
United States District Judge